# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-105-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAWON MONTRAY GRANT (01) | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is a motion to suppress, filed by the Defendant, Jawon Grant ("Grant"). Record Document 64. Grant seeks to suppress evidence discovered by law enforcement during a traffic stop on March 6, 2024. He disputes the basis of the traffic stop, contending he did not commit a traffic violation; as such, he argues that the evidence was derived from a violation of the Fourth Amendment and must be suppressed.

The issue is that Grant is currently serving a three-year term of supervised release, which began on November 29, 2023. The evidence seized from the contested traffic stop is being used as a basis for a supervised release revocation proceeding. Although Grant seeks to exclude the evidence from being used against him in the revocation hearing, the Fifth Circuit has held that the exclusionary rule does not apply to supervised release revocation hearings unless the defendant can make a showing of police harassment. See United States v. Montez, 952 F.2d 854, 857 (5th Cir. 1992) (holding "that the value to society of safely reintegrating former prisoners clearly outweighs whatever marginal benefit which might accrue from extending the exclusionary rule to supervised release revocation hearings which do not involve harassment"); see also United States v. Orey, 2023 WL 7096902, *1 (5th Cir. Oct. 26, 2023) ("the exclusionary rule does not apply to

revocation proceedings absent a showing of police harassment"); <u>United States v. Williams</u>, 2022 WL 820074, *1 (5th Cir. Mar. 18, 2022) (same).

In the instant case, Grant's motion does not allege police harassment of any sort. Therefore, in accordance with Fifth Circuit precedent, Grant's motion to suppress [Record Document 64] must be **DENIED**. However, Grant will be given the opportunity to refile his motion. By **April 11, 2024**, Grant may file a new motion to suppress which contains a showing of harassment or, in the alternative, he must inform the Court that he no longer intends to pursue this course of action. If the defense files a new motion to suppress, the Government is ordered to respond by **April 25, 2024**.

The revocation hearing set for April 8, 2024 is **CONTINUED WITHOUT DATE** to allow for resolution of the suppression issue. Counsel will be contacted by chambers to schedule a new date for the revocation proceeding.

**THUS DONE AND SIGNED** this 1st day of April, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE